UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WEST COAST PRODUCTIONS, INC.,

    Plaintiff,

vs.                                                       CASE NO. 3:12-cv-964-J-32TEM

DOES 1-675,

    Defendants.

_____

## O R D E R

This matter comes before the Court on Plaintiff West Coast Productions, Inc.'s Motion for Leave to Take Discovery Prior to a Rule 26(f) Conference (Doc. # 5, Motion; Doc. #5-1, Memo).  Plaintiff has filed the instant copyright infringement alleging that each John Doe Defendant ("Defendants") is liable for direct copyright infringement. (Doc. #1, Complaint).  Seeking to ascertain the identity of the Does, Plaintiff filed the instant motion to take discovery earlier than otherwise permitted by Federal Rules of Civil Procedure Rule 26(f).

Plaintiff states that it owns a copyright to the motion picture, "Teen Anal Nightmare 2."  Complaint at 4.  Plaintiff alleges that the Defendants, without Plaintiff's consent or permission, used a peer-to-peer ("P2P") file sharing protocol to reproduce and distribute the film, or portions thereof. *Id.* at 1-5. Specifically, the Plaintiff alleges that the Defendants used the P2P protocol, "BitTorrent" ("Torrent"), to make copies of the film and share them with other internet users. *Id.* at 1-2; *see also* Memo at 5-8.  However, because the Defendants used the internet, Plaintiff has thus far been able to obtain only the internet protocol ("IP") addresses for each of the Defendants, the internet service provider ("ISP")

for each IP address, and the date and time of alleged infringement. Memo at 1. Therefore, Plaintiff seeks leave to take early discovery by way of Rule 45 subpoenas because the ISP maintains internal logs that document the customer identity for each IP address assignment made by that ISP. *Id.* at 9, 11. This is the crucial information that Plaintiff asserts it needs to continue. *Id.* at 13-14. Further, these logs typically are only available for a limited period of time, which Plaintiff asserts bolsters its argument to take early discovery. *Id.* at 13. Plaintiff requests the Court allow it to serve Federal Rule 45 subpoenas on certain ISPs to obtain identifying information for the Joe Doe Defendants so that Plaintiff may complete service of process on them.

As with other matters of managing discovery, courts wield broad discretion in fashioning discovery orders under Rule 26(d). *See Almeida v. Amazon Corp.*, 456 F.3d 1316, 1327 n.6 (11th Cir. 2006); *Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002) ("[W]e emphasize that district courts are entitled to broad discretion in managing pretrial discovery matters." (citation omitted)). A court may authorize early discovery before the Rule 26(f) conference for the parties' and witness' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Pursuant to Rule 26(b), courts may order discovery of any relevant matter for good cause. "Courts who have dealt with these . . . cases generally consider whether a plaintiff has shown 'good cause' for the early discovery." *Nu-Image, Inc. v. Does 1-3, 932*, No. 2:11-cv-545-FtM-29SPC, 2012 WL 1623862, at *2 (M.D. Fla. May 9, 2012) (citation omitted).[1]

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit
(continued...)

2

"A plaintiff who is unaware of the identity of the person who has wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant." *Penalbert-Rosa v. Fortuna-Burset*, 631 F.3d 592, 596 (1st Cir. 2011); *see also Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (holding that use of unnamed defendant was permissible where it was clear that discovery would uncover defendant's identity); *Nu-Image,* 2012 WL 1623862, at *2. But, mere speculation of harm or the lack of a good faith effort to ascertain the identity of the correct defendant are not sufficient to justify the issuance of a Rule 45 subpoena. *See Privitera v. Amber Hill Farm*, No. 5:12-cv-7-Oc-32TBS, 2012 WL 1900559, at *3 (M.D. Fla. May 24, 2012)[2]; *Penalbert-Rosa*, 631 F.3d at 596. However, courts have routinely found good cause to exist to issue a Rule 45 subpoena in internet cases, prior to a Rule 26(f) conference, in order to ascertain the defendant's identity where the plaintiff demonstrates "(1) a prima facie showing of infringement, (2) there is no other way to identify Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference." *K-Beech, Inc. v. Does 1-57*, No. 2:11-cv-358-FtM-36SPC, 2011 WL 5597303, at * 2 (M.D. Fla. Nov. 1, 2011); *see also Nu-Image,*

---

[1](...continued)
Rules.  11th Cir. R. 36-2.

[2] The court in *Privitera*, with regards to the Defendant's request for subpoenas, stated,

> It is one thing to say for example, that a copyright or trademark has been violated by unknown actors and quite another to ask for discovery when the conduct complained of could have been committed by anyone in the world but is only actionable if done by either of two individuals. More than Defendants' unverifiable belief that a violation of law has occurred is required before the discovery Defendants seek will be permitted.

2012 WL 1900559, at *3.

2012 WL 1623862, at *2.  Additionally, given First Amendment privacy concerns, some courts have also required plaintiffs to "(4) specify the discovery requested, (5) demonstrate the need for the subpoenaed information, and (6) establish that the party's expectation of privacy does not outweigh the need for the requested discovery."  *Nu-Image,* 2012 WL 1623862, at *2 (citing *Sony Music Entertainment v. Does 1-40*, 326 F. Supp.2d 556, 564-65 (S.D.N.Y. 2004)).

Upon consideration, the Court finds that Plaintiff's Motion is due to be **granted**. First, Plaintiff has made out a sufficient prima facie claim of copyright infringement. *See* Memo at 13; Complaint at 4-5.  Plaintiff asserts it holds the copyright on the motion picture "Teen Anal Nightmare 2."  Plaintiff's research has indicated the copyright has been infringed upon, and Plaintiff has been able to isolate the transactions and the IP addresses responsible for the alleged infringement (Memo at 8-12, Exhibit A, Declaration of Matthias Schroeder).[3]  Second, Plaintiff has established that the subpoena is necessary to attain the desired information. *See* at 12-16.  Plaintiff currently has only the IP addresses and, without the assistance of the ISP, cannot locate any further information. *Id.* at 13-14.  Thus, it appears the Plaintiffs have exhausted all other options for identifying the Defendants. Third, there is a risk that the ISP logs needed by the Plaintiff will be destroyed if the present Motion is not granted, given that ISP logs are temporary, not permanent. *See id.*  Fourth, the information sought through discovery – the identity of the Defendants – has been sufficiently specified by listing the IP addresses assigned to the Defendants and the days on which Plaintiff alleges infringements occurred. *See* Doc. #8-1, Exhibit A.  Fifth, being that

---

[3] Furthermore, "'the use of P2P systems [such as Torrent] to download and distribute copyrighted [material] has been held to constitute copyright infringement.'" *K-Beech*, 2011 WL 5597303, at * 2 (quoting *Sony Music*, 326 F. Supp.2d at 565-66).

there is no alternative to identifying the Defendants in order to complete service of process and pursue their claims, the Plaintiff has demonstrated the need for the subpoenaed information. Lastly, while the right to remain anonymous is undoubtedly of some weight, it is nonetheless outweighed by the Plaintiff's interest in protecting its copyright.[4]

Accordingly, it is hereby **ORDERED**:

1. Plaintiff West Coast Productions, Inc.'s Motion for Leave to Take Discovery Prior to a Rule 26(f) Conference (Doc. #5) is **GRANTED**.

2. Plaintiff may serve each of the ISPs listed in Exhibit A to the Supplement to Complaint and Motion for Leave to Take Early Discovery (Doc. #8-1) with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to the Supplement to Complaint and Motion for Leave to Take Early Discovery (Doc. #8-1). Plaintiff shall attach to any such subpoena a copy of the Complaint, Motion, and this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants.

4. If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of any amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

---

[4] For one, "it has been held that copyright infringers have no legitimate expectation of privacy in the subscriber information they provide to ISPs." *K-Beech,* 2011 WL 5597303, at *2. Moreover, "[a] number of other jurisdictions . . . have deemed that a file sharer's First Amendment right to anonymity is 'exceedingly small.'" *Id.*; *see also Call of the Wild Movie, LLC v. Does 1-1062 et al.,* 770 F. Supp.2d 332, 349 (D.D.C. 2011).

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint and Motion.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of September, 2012.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record