**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

_____
                                          )
**WEST COAST PRODUCTIONS, INC.**          )
                                          )
     **Plaintiff,**            )
                                          )
**v.**                                    )   **Case No.:  3:12-cv-00964**
                                          )
**DOES 1 – 675**                          )
                                          )
     **Defendants.**           )
_____)


**PLAINTIFF'S RESPONSE TO COURT'S ORDER [DOC. NO. 20]**

## TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT ........................................................................................................1

    A. JOINDER IS PROPER AT THIS STAGE OF THE CASE ...........................................1

        1.  General standards regarding joinder .....................................................................1

        2.  Plaintiff's right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences ...................................................................................3

        3.  A question of law or fact common to all Doe Defendants will arise ......................5

        4.  Similar cases have found that allegations similar to Plaintiff's do not violate Rule 20 ...................................................................................................................6

        5.  Similar cases that have found misjoinder are significantly distinguishable and flawed ...................................................................................................................8

        6.  Joinder will not prejudice the Doe Defendants or result in needless delay ..........10

        7.  Addressing the issue of joinder at this state in litigation is improper…....……...12

        8.  Plaintiff's is not attempting to avoid the filing fees associated with suing each Doe Defendant individually. …………………………………………………13

    B. PLAINTIFF'S FILM DOES NOT DEPICT ANYONE UNDER THE AGE OF 18, NOR DID PLAINTIFF EMPLOY ANYONE UNDER THE AGE OF 18 DURING THE FILMS PRODUCTION...……....................................................................................14

## TABLE OF AUTHORITIES

**Cases**

Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577,

    Case No. 10-453 (D.D.C.) ...................................................................................8

Arista Records, LLC v. Does 1-11, No. 1:07-CV-2828, 2008 WL 4823160

 (N.D. Ohio Nov. 3, 2008) ...............................................................................10

Arista Records LLC v. Does 1-16, 2009 WL 414060 (N.D.N.Y. Feb. 18, 2009) ...........................9

Arista Records LLC v. Does 1–19, 551 F.Supp.2d 1 (D.D.C. 2008) ................................6

Arista Records, LLC v. Does 1-27, 584 F. Supp. 2d 240 (D. Me. 2008) .......................................9

Brereton v. Commc'ns Satellite Corp., 116 F.R.D. 162 (D.D.C. 1987) ............................................3

Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d 332

 (D.D.C. 2011) ......................................................................................................8

Call of the Wild Movie, LLC v. Smith, 274 F.R.D. 334 (2011)......................................................8

Davidson v. District of Columbia, 736 F. Supp. 2d 115 (D.D.C. 2010)...........................................4

Digital Sin, Inc. v. John Does 1-176, 279 F.R.D. 239 (S.D.N.Y. 2012)……………..………….2, 3

DIRECTV, Inc. v. Barrett, 220 F.R.D. 630 (D. Kan. 2004)................................................7, 9, 11

Disparte v. Corporate Executive Bd., 223 F.R.D. 7 (D.D.C. 2004) ..........................................2, 6

Donkeyball Movie, LLC v. Does 1-171, Case No. 10-1520 (D.D.C.) ...........................................8

Fonovisa, Inc. v. Does 1-9, Civil Action No. 07-1515, 2008 WL 919701

 (W.D. Pa. Apr. 3, 2008) ......................................................................................9

In re Adult Film Copyright Infringement Litig., 2012 U.S. Dist. LEXIS 41260 (S.D.N.Y. Mar.

 26, 2012)……………………………………………………………………………..4

In re EMC Corp., 677 F.3d 1351 (Fed. Cir. 2012)………………………………………..……3

K-Beech, Inc. v. Does 1-22, Civil Action No. 11–cv–01774–AW,

 2011 WL 6000768 (Nov. 29, 2011 D. Md.) .........................................................8

Lane v. Tschetter, No. 05–1414, 2007 WL 2007493 (D.D.C. July 10, 2007).............................12

M.K. v. Tenet, 216 F.R.D. 133 (D.D.C. 2002) .............................................................................3

Malibu Media, LLC v. John Does 1-21, 2012 U.S. Dist. LEXIS 117856

(D. Colo. Aug. 21, 2012)…………………………………………………………..12-13

MCGIP, LLC v. Does 1-18, 2011 U.S. Dist. LEXIS 64188, 2011 WL 2181620

(N.D. Cal. June 2, 2011)……………………………………………………...…….12

MyMail, Ltd. v. America Online, Inc., 223 F.R.D. 455 (D.C. Tex. 2004)....................................5

Mosley v. General Motors Corporation, 497 F.2d 1330 (8th Cir. 1974)....................................2, 3

Patrick Collins, Inc. v. Does 1-22, Civil Action No. 11–cv–01772–AW,

2011 WL 5439005 (Nov. 8, 2011 D. Md.) ....................................................................8, 13

Patrick Collins, Inc. v. Does 1-11, Civil Action No. 11–cv–01776–AW,

2011 WL 5439045 (Nov. 8, 2011 D. Md.) ....................................................................8, 13

Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556

(S.D.N.Y. 2004) ................................................................................. 8, 13, 16-18

Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc., 233 F.R.D. 615 (D. Kan. 2006).....................5

Sunlust Pictures, LLC v. Does 1-75, 2012 U.S. Dist. LEXIS 121368 (N.D. Ill. Aug. 27, 2012)..7

Third Degree Films, Inc. v. Does 1-118, Civil Action No. 11–cv–03006–AW,

2011 WL 6837774 (Dec. 28, 2011 D. Md.)..........................................................................8

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130,

16 L.Ed.2d 218 (1966) ................................................................................................2

United States v. Mississippi, 380 U.S. 128 (U.S. 1965)………………………...................3

West Bay One, Inc. v. Does 1-2,000, Case No. 10-481 (D.D.C.) ..................................................8

West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. 9 (D.D.C. 2011)..................................8

**Statutes**

Fed. R. Civ. P. Rule 20 ........................................................................................................... 1-2

Fed. R. Civ. P. Rule 21 ............................................................................................................2

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I. INTRODUCTION

Plaintiff has identified certain Doe Defendants who have unlawfully copied and distributed Plaintiff's motion picture over the Internet. At the time of filing its Complaint, Plaintiff was only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine the Doe Defendants' actual names is from the Internet Service Providers ("ISPs") to which the Doe Defendants subscribe and from which the Doe Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff has an actual and lawful purpose in bringing its copyright litigation, and Doe Defendants have filed the present motions in an attempt to avoid and undermine Plaintiff's litigation. Should the Court sever the Defendants at this stage of the litigation process, Plaintiff would be left with no practical way to enforce the statutorily granted exclusive rights afforded to creators of works of intellectual property under the copyright laws of our country. This would cause severe and irreparable harm to Plaintiff's business as a producer of copyrighted movies.

Reference a Middle District of Florida Order in which the Court finds there is a legally sufficient grounds for joinder[1], this Court has issued an Order asking for the Plaintiff to justify the joinder of the Defendants [<u>See</u> Doc. No. 20]. The Court has also requested that Plaintiff provide assurances that Plaintiff's copyrighted work did not involve the filming or depiction of

---

[1] In this Court's December 13, 2012 Order in this case [<u>See</u> Doc. No. 20], this Court states that the Middle District of Florida has "rejected" a similar theory of joinder in the matter of <u>Malibu Media, LLC v. Does 1-28</u>, No. 8:12-cv-1667-T-27MAP, Doc. 22 (M.D. Fla. Dec. 6, 2012). Saying the court "rejected" the ruling is a mischaracterization of the ruling in that case. Specifically, the court came to the conclusion that there are legally sufficient grounds for joining the Defendants, yet severed the case due to administrative reasons.

minors.

II. ARGUMENT

    A.  JOINDER IS PROPER AT THIS STAGE OF THE CASE.

        1.  <u>General standards regarding joinder</u>

The Federal Rules of Civil Procedure, specifically Rule 20, provide for the permissive joinder of parties.  As relevant to this case, Rule 20 states that "[p]ersons…may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. Rule 20(a)(2).

Rule 21 states that "[m]isjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. Rule 21.

In considering the first prong of Rule 20(a), determining whether claims are part of the same transaction, occurrence, or series of transactions and occurrences, the Court should ask whether the claims are "logically related."  <u>See, e.g.</u> <u>Mosley v. Gen. Motors Corp.</u>, 497 F.2d 1330, 1333 (8th Cir. 1974); <u>see also</u>  <u>Disparte v. Corporate Executive Bd.</u>, 223 F.R.D. 7, 10, fn. 6 (D.D.C. 2004) (stating that the "logical relationship test is flexible").  This is a flexible test, and "the impulse is toward the broadest possible scope of action consistent with fairness to the parties and joinder of claims, parties and remedies is strongly encouraged."  <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).  As stated in <u>Digital Sin, Inc. v. John Does 1-176</u>, "The purpose of the rule is to promote trial convenience

and expedite the final determination of disputes, thereby preventing multiple lawsuits." Digital

Sin, Inc. v. John Does 1-176, 279 F.R.D. 239, 243 (S.D.N.Y. 2012) (quoting 7 Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 1652 (3d ed. 2011)).

The logical relationship test is satisfied when a substantial evidentiary overlap is shown

between the facts serving as the basis of the cause of action against each defendant. See In re

EMC Corp., 677 F.3d 1351, 1358 (Fed. Cir. 2012); see also  United States v. Mississippi, 380

U.S. 128, 142-143 (U.S. 1965) (stating, "[T]he joinder of all the registrars as defendants in a

single suit is authorized by Rule 20 (a) of the Federal Rules of Civil Procedure [because t]hese

registrars were alleged to be carrying on activities which were part of a series of transactions or

occurrences the validity of which depended to a large extent upon "question[s] of law or fact

common to all of them.").

As to the second prong of Rules 20(a), "[t]he rule does not require that all questions of

law and fact raised by the dispute be common….common questions have been found to exist in a

wide range of context." Mosley v. General Motors Corporation, 497 F.2d at 1334.  Lastly, some

courts consider whether an order under Rule 21 would prejudice any party or would result in

undue delay.  See Brereton v. Commc'ns Satellite Corp., 116 F.R.D. 162, 163 (D.D.C. 1987)

(stating that Rule 21 must be read in conjunction with Rule 42(b), which allows the court to

sever claims in order to avoid prejudice to any party).

Overall, the purpose of Rule 20 is "to promote trial convenience and expedite the final

resolution of disputes, thereby preventing multiple lawsuits, extra expense to the parties, and loss

of time to the court as well as the litigants appearing before it." M.K. v. Tenet, 216 F.R.D. 133,

137 (D.D.C. 2002).  "[T]he two prongs of Rule 20(a) are to be liberally construed in the interest

of convenience and judicial economy . . . in a manner that will secure the just, speedy, and

inexpensive determination of the action." <u>Davidson v. District of Columbia</u>, 736 F. Supp. 2d

115, 119 (D.D.C. 2010) (citations and alterations omitted).

   2.   <u>Plaintiff's right to relief arises out of the same transaction, occurrence, or</u>
        <u>series of transactions or occurrences.</u>

   The nature of the infringement alleged in this case tends to show that all Doe Defendants

engaged in the same series of transactions and occurrences.  Each Doe Defendant is alleged to

have participated in a swarm with other Doe Defendants, all of which was targeted at one thing –

illegally downloading/uploading Plaintiff's copyrighted movie.  [<u>See</u> Doc. No. 1 (Complaint) ¶

3]  Even though all of the Doe Defendants may not have participated on the very same day and

time, all of the events involving all of the Doe Defendants are logically related to the sharing of

the "seed" file (Plaintiff's copyrighted movie in digital form).  <u>See id.</u>

   Specifically, Plaintiff alleges that the BitTorrent file-sharing protocol "makes every

downloader also an uploader of the illegally transferred file(s).  This means that every 'node' or

peer user who has a copy of the infringing copyrighted material on a torrent network must

necessarily also be a source of download for that infringing file."  [Doc. No. 1 (Complaint) ¶ 3]

Additionally, the "nature of a BitTorrent protocol [is that] any seed peer that has downloaded a

file prior to the time a subsequent peer downloads the same file is automatically a source for the

subsequent peer so long as that first seed peer is online at the time the subsequent peer

downloads a file."  <u>Id.</u> at ¶ 4.  Such process has been held to establish a "series of transactions or

occurrences" in which "a series of individuals connecting either directly with each other or as

part of a chain or "swarm" of connectivity designed to illegally copy and share the exact same

copyrighted file." <u>Digital Sin, Inc. v. Does 1-176</u>, 279 F.R.D. 239, 244 (S.D.N.Y. 2012); <u>see also</u>

<u>In re Adult Film Copyright Infringement Litig.</u>, 2012 U.S. Dist. LEXIS 41260 (S.D.N.Y. Mar.

4

26, 2012).

Again, this BitTorrent file-sharing protocol is significantly different from the prior cases involving copyright infringement via P2P systems.  [See Doc. No. 1 (Complaint) ¶ 3]  Using those platforms, the infringer basically copied a work from one other user.  Each particular act of infringement involved a specific one-on-one connection between two users for that specific file.  Once the sharing of that file was over, so presumably was the relationship between the infringers.

Further, because those prior music peer-to-peer cases dealt with multiple rights holders asserting claims for multiple copyrighted works, the infringements tended to be more independent and unrelated acts amongst the various doe defendants.  For example, in prior cases each doe defendant was typically alleged to have downloaded a number of different songs—protected by a number of different copyrights and owned by a number of different plaintiff copyright holders—from various third-party infringers.

Here, the fact that Plaintiff is alleging infringement of only one work tends to show a relationship among all Doe Defendants.  In MyMail, Ltd. v. America Online, Inc., 223 F.R.D. 455 (D.C. Tex. 2004), the court specifically held that joinder of unrelated defendants who allegedly infringed the same patent was proper.  The court stated:

> A logical relationship exists if there is some nucleus of operative facts or law….MyMail alleges that all defendants have infringed the '290 patent….The UOL Defendants urge the Court to adopt the rule that infringement by different defendants does not satisfy Rule 20's same transaction requirement, but the Court finds that this interpretation of Rule 20 is a hypertechnical one that perhaps fails to recognize the realities of complex, and particularly patent, litigation.  In essence, the UOL Defendants advocate a rule that requires separate proceedings simply because unrelated defendants are alleged to have infringed the same patent. The Court disagrees with such a per se rule that elevates form over substance. Such an interpretation does not further the goals of Rule 20, especially for discovery and motion purposes.

5

Id. at 456-457 (internal citations omitted); see Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc., 233 F.R.D. 615 (D. Kan. 2006) ("The first requirement is met because Sprint's claims against all the defendants arise out of the same transaction or occurrence. Most notably, Sprint alleges that each of the defendants has infringed the same seven patents.").

Similarly, in this case, Plaintiff alleges that all Doe Defendants utilized an identical or nearly identical torrent P2P protocol to illegally infringe Plaintiff's one copyrighted work. Additionally, the evidence that will serve as the basis of Plaintiff's claims against all Doe Defendants arose from the same investigation by the third-party technology company utilized by Plaintiff.  Based on these allegations, Plaintiff's claims against all of the Doe Defendants are logically related.

Each Doe Defendant is a possible source for Plaintiff's movie and may be responsible for distributing the movie to the other Doe Defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material.  See Disparte, 223 F.R.D. at 10 (to satisfy Rule 20(a)(2)(A) claims must be "logically related" and this test is "flexible.").  While the Doe Defendants may be able to rebut these allegations later, Plaintiff has sufficiently alleged that its claims against the Doe Defendants potentially stem from the same transaction or occurrence and are logically related.  See Arista Records LLC v. Does 1–19, 551 F.Supp.2d 1, 11 (D.D.C. 2008). ("While the Courts notes that the remedy for improper joinder is severance and not dismissal, ... the Court also finds that this inquiry is premature without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct.").

3.   A question of law or fact common to all Doe Defendants will arise.

Plaintiff has alleged identical claims against all Doe Defendants for each and every Doe Defendant's alleged use of an online media distribution system to distribute Plaintiff's movie.

[See Doc. No. 1 (Complaint)]  Therein, Plaintiff has alleged similar questions of fact, including

without limitation how BitTorrent works and the methods used by Plaintiff to investigate,

uncover, and collect evidence about the infringing activity.  Further, Plaintiff has alleged the

exact same legal claim against each and every Doe Defendant – "Infringement of Copyrights."

[See Doc. No. 1 (Complaint)]  In order to satisfy the second prong of Rule 20(a), there must exist

a question of law or fact common to all defendants but this rule does not require that "*every*

question of law or fact be common." Sunlust Pictures, LLC v. Does 1-75, 2012 U.S. Dist. LEXIS

121368, 13-14 (N.D. Ill. Aug. 27, 2012).  In Sunlust the Plaintiff satisfactorily pleaded that the

defendants participated in the same transaction or occurrence by alleging that the defendants

participated in a swarm simultaneously and shared the copyrighted material with each other. Id.

at 13.

      Therefore, Plaintiff has satisfied the second prong of Rule 20(a)(2).  See DIRECTV, Inc.

v. Barrett, 220 F.R.D. 630, 632 (D. Kan. 2004) ("The court also concludes that the claims against

the defendants involve at least one common question of law or fact. DIRECTV seeks redress

under identical legal theories against each of the defendants in each case. The claims in each

complaint and the law under which they are brought are the same. Based on DIRECTV's

allegations, the claims in each case involve at least one common question of law.").

      4.  Similar cases have found that allegations similar to Plaintiff's do not violate
          Rule 20.

Other courts dealing with cases for copyright infringement against unknown doe

defendants have specifically found that joinder of the defendants was proper under Rule 20,

especially at the early outset of these types of cases.

      Recently, the Maryland District Court (Judge Williams, Jr.) issued a number of opinions

and orders finding joinder proper in similar cases.  <u>Third Degree Films, Inc. v. Does 1-118</u>, Civil Action No. 11–cv–03006–AW, 2011 WL 6837774 (D. Md. Dec. 28, 2011); <u>K-Beech, Inc. v. Does 1-22</u>, Civil Action No. 11–cv–01774–AW, 2011 WL 6000768 (D. Md. Nov. 29, 2011); <u>Patrick Collins, Inc. v. Does 1-22</u>, Civil Action No. 11–cv–01772–AW, 2011 WL 5439005 (D. Md. Nov. 8, 2011); <u>Patrick Collins, Inc. v. Does 1-11</u>, Civil Action No. 11–cv–01776–AW, 2011 WL 5439045 (D. Md. Nov. 8, 2011).

Previously, the U.S. District Court for the District of Columbia issued a number of detailed rulings regarding the joinder issue in nearly identical cases.  Judge Howell concluded that "the plaintiffs' allegations against the putative defendants in each case meet the requirements for permissive joinder."  <u>Call of the Wild Movie, LLC v. Does 1-1,062</u>, 770 F.Supp.2d 332, 341 (D.D.C. 2011); <u>see</u> <u>Call of the Wild Movie, LLC v. Smith</u>, 274 F.R.D. 334, 340-344 (D.D.C. 2011) (providing extensive analysis, including distinguishing adverse rulings in similar torrent cases).

Judge Kollar-Kotelly came to the same conclusion in denying multiple Doe Defendants' motions to quash subpoenas or dismiss them from a similar case.  <u>West Coast Productions, Inc. v. John Does 1-5829</u>, 275 F.R.D. 9, 15-16 (D.D.C. 2011).  In two similar cases in front of Judge Collyer, an order to show cause hearing was conducted wherein Judge Collyer ruled that joinder was proper at this stage of the proceedings and "that, at this juncture, the numerous Doe Defendants are not severed due to misjoinder…."  <u>West Bay One, Inc. v. Does 1-2,000</u>, Case No. 10-481, Doc. No. 25 at p. 1 (D.D.C. July 2, 2010); <u>Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577</u>, Case No. 10-453, Doc. No. 34 at p. 1 (D.D.C. July 2, 2010).

The operative pleadings in this case and the <u>Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG</u>, <u>West Bay One, Inc.</u>, <u>Call of the Wild Movie, LLC</u>, <u>Maverick Entertainment</u>

8

Group, Inc., Voltage Pictures, LLC, Donkeyball Movie, LLC, and West Coast Productions, Inc.

cases contain nearly identical allegations, except for the named plaintiff and films, as every

operative pleading was drafted by the same firm representing all of the plaintiffs.[2]

Additionally, numerous other courts in similar cases have declined to find misjoinder.

Such other cases include, without limitation, Arista Records, LLC v. Does 1-27, 584 F. Supp. 2d

240 (D. Me. 2008), Arista Records LLC v. Does 1-16, Civ. No. 1:08-CV-765 (GTS/RFT), 2009

WL 414060 (N.D.N.Y. Feb. 18, 2009), Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d

556 (S.D.N.Y. 2004), and the DIRECTV, Inc. cases cited herein, all of which held that joinder

was proper.  In fact, in many of the similar music download cases, the plaintiffs submitted a list

of over three hundred court orders that have apparently approved joinder in similar cases.  See,

e.g., Arista Records, LLC v. Does 1-27, 584 F. Supp. 2d at 251.[3]  Overall, vast prior rulings

comport with Plaintiff's position.

      5.   Similar cases that have found misjoinder are significantly distinguishable and
           flawed.

A handful of rulings in other courts that have found joinder improper in similar cases.  In

those cases the rulings failed to consider the "logical relation" analysis or even the two distinct

prongs under Fed. R. Civ. P. Rule 20.  Rather, those rulings provide conclusory analysis based

---

[2]  The decisions in these recent cases in the U.S. District Court for the District of Columbia were
made after extensive briefing and oral arguments, including the participation of numerous
amicus organizations that submitted briefs and presented argument on behalf of the doe
defendants.  In fact, this Doe Defendant's memorandum has been copied nearly verbatim from
amicus briefs in the recent cases in the U.S. District Court for the District of Columbia.
Compare Doc. No. 15 at pp. 5-8 with Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v.
Does 1-2,094, Case No. 10-453, Doc. No. 23 at pp. 21-24 (D.D.C. June 2, 2010).

[3]  Plaintiff acknowledges that the use of this list has been criticized by at least two courts.  See
Arista Records, LLC v. Does 1-11, No. 1:07-CV-2828, 2008 WL 4823160, at *6 fn. 7 (N.D.
Ohio Nov. 3, 2008); Fonovisa, Inc. v. Does 1-9, Civil Action No. 07-1515, 2008 WL 919701, at
*5 fn. 10 (W.D. Pa. Apr. 3, 2008).

on concerns that the alleged infringements occurred on different days, at different times.

On the other hand, Judge Howell provided a much more extensive analysis of the joinder issue and concluded that joinder was proper in cases such as this one, where the allegations "sufficiently establishe[d] a *prima facie* case of infringement of plaintiff's copyright by users of the same file-sharing software program that operates through simultaneous and sequential computer connections and data transfers among the users." Call of the Wild Movie, LLC v. Smith, 274 F.R.D. at 340. Therein, Judge Howell distinguished a number of contrary rulings that had found joinder improper in both torrent and earlier peer-to-peer cases. See id. at 341-342 (acknowledging but distinguishing IO Grp., Inc. v. Does 1–19, No. 10–03851, 2010 WL 5071605 (N.D. Cal. Dec. 7, 2010); Lightspeed v. Does 1–1000, No. 10–cv–5604, 2011 U.S. Dist. LEXIS 35392 (N.D. Ill. Mar. 31, 2011); Millennium TGA Inc. v. Does 1–800, No. 10–cv–5603, 2011 U.S. Dist. LEXIS 35406 (N.D. Ill. Mar. 31, 2011); Arista Records, LLC v. Does 1–11, No. 07–cv–2828, 2008 WL 4823160 (N.D. Ohio Nov. 3, 2008); LaFace Records, LLC v. Does 1–38, No. 5:07–cv–298, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008); Interscope Records v. Does 1–25, No. 6:04–cv–197, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004)).[4]

Overall, the rulings that have severed Doe Defendants demonstrate a lack of full understanding of the torrent platforms. Additionally, prior court orders finding misjoinder in cases with previous technology are not persuasive, as the technology has significantly altered the

---

[4] Recently, Judge Alison J. Nathan in the U.S. District Court for the Southern District of New York acknowledged decisions on both sides of the joinder issue in a similar case and concluded "it is difficult to see how the sharing and downloading activity alleged in the Complaint – a series of individual connecting directly with each other or as part of a chain or 'swarm' of connectivity designed to illegally copy and share the exact same copyright file – could *not* constitute a 'series of transactions or occurrences' for purposes of Rule 20(a)." Digital Sin, Inc. v. John Does 1 – 176, Case 1:12-cv-00126, at pp. 9-10 (S.D.N.Y. Jan. 30, 2012) (emphasis in original).

way the Doe Defendants are infringing Plaintiff's movie.[5]

> 6.   Joinder will not prejudice the Doe Defendants or result in needless delay.

The final consideration for joinder is whether joinder would prejudice the parties or result in needless delay.  At this stage of the case, joinder will not prejudice the Doe Defendant and will not result in needless delay.[6]  In fact, joinder in a single case of Doe Defendants who allegedly infringed the same copyrighted movie promotes judicial efficiency and is beneficial to the Doe Defendants.  See London–Sire Records, Inc. v. Doe 1, 542 F.Supp.2d at 161 ("Consolidating the cases ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have raised.").

Further, as stated in DIRECTV, Inc. v. Barrett, "[a]t this stage of the litigation, the court cannot conclude that any prejudice to the defendants will outweigh the judicial economy of joinder of claims. To the contrary, the defendants may ultimately benefit from leaving the claims joined; the fewer cases DIRECTV is managing, the better DIRECTV can control its costs--costs which potentially could be borne by the defendants."  220 F.R.D. at 632.

On the other hand, if the Court were to consider severance at this juncture, Plaintiff

_____

[5]  Plaintiff notes that in one similar case, the Northern District Court of Ohio stated that "it appears that the majority of district courts who have addressed the issue of joinder and were faced with the same allegations to connect doe defendants in other music downloading lawsuits have concluded that those allegations were insufficient to satisfy the transactional requirement of Fed.R.Civ.P. 20(a)(2) and that joinder was therefore improper."  Arista Records LLC v. Does 1-11, No. 1:07-CV-2828, 2008 WL 4823160, *6 (N.D. Ohio Nov. 3, 2008).  However, it is interesting to note that the court then cites to the magistrate judge's recommendation in the Arista Records LLC v. Does 1-27 District Court of Maine case [No. 07-162-B-W, 2008 WL 222283, at *6 n.5 (D. Me. Jan. 25, 2008)], even though District Court Judge John A. Woodcock, Jr.'s opinion declining to adopt that recommendation was issued the week prior (October 29, 2008).  See generally Arista Records, LLC v. Does 1-27, 584 F. Supp. 2d 240 (D. Me. 2008).

[6]  Again, because the Doe Defendants are currently identified only by their IP addresses and are not named parties, they are not required to respond to the Complaint or assert a defense and, consequently, can show no harm at this time.

would face significant obstacles in its efforts to protect its copyrights from illegal file-sharers, which would needlessly delay its case.  Plaintiff would be forced to file over 1,000 separate lawsuits, in which it would then move to issue separate subpoenas to ISPs for each Doe Defendant's identifying information. This would certainly not be in the "interests of convenience and judicial economy," or "secure a just, speedy, and inexpensive determination of the action." Lane v. Tschetter, No. 05–1414, 2007 WL 2007493, *7 (D.D.C. July 10, 2007) (declining to sever defendants where "parties joined for the time being promotes more efficient case management and discovery" and no party prejudiced by joinder); Call of the Wild Movie, LLC v. Does 1-1,062, 770 F.Supp.2d at 345 ("The putative defendants are not prejudiced but likely benefited by joinder, and severance would debilitate the plaintiffs' efforts to protect their copyrighted materials and seek redress from the putative defendants who have allegedly engaged in infringing activity.").[7]

       7.   Addressing the issue of joinder at this state in litigation is improper.

The Court in Malibu Media, LLC v. John Does 1-21 denied the Defendants' motions for severance although "severing defendants would delay, but not eliminate, Plaintiff's efforts to obtain [the Does'] identifying information from [their ISP, g]iven the inevitable disclosure of the information at issue in this subpoena, it seems judicial efficiency is best promoted by declining to reach the question of joinder at this time." Malibu Media, LLC v. John Does 1-21, 2012 U.S. Dist. LEXIS 117856 (D. Colo. Aug. 21, 2012). See MCGIP, LLC v. Does 1-18, 2011 U.S. Dist. LEXIS 64188, 2011 WL 2181620, at * 1 (N.D. Cal. June 2, 2011) ("[A]ssertion of improper joinder may be meritorious but, at this stage in the litigation, when discovery is underway only to

---

[7]  Plaintiff cannot imagine that the Court would truly wants Plaintiff to file separate cases for each Doe Defendant related to Plaintiff's one work.  As stated in Arista Records, LLC v. Does 1-27, that would result in an "alternative that does not exactly resonate with practicality."  584 F. Supp. 2d at 251.

learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper ... .") (internal citations and quotation marks omitted).

>    8.   <u>Plaintiff's is not attempting to avoid the filing fees associated with suing each Doe Defendant individually.</u>

The issue of whether the Plaintiff is attempting circumvent the system and avoid the filing fees associated with filing suit against each Doe Defendant individually is not a question that the Court should address in deciding whether to grant a motion for severance at this early stage of litigation.  The question was raised in recent copyright infringement cases in which joinder was addressed as a threshold issue.  <u>See Malibu Media, LLC v. John Does 1-21</u>, 2012 U.S. Dist. LEXIS 117856, at *6 (D. Colo. Aug. 21, 2012); <u>see also</u> <u>Patrick Collins, Inc. v. Doe</u>, 2012 U.S. Dist. LEXIS 47689, 9-11 (D. Md. Apr. 4, 2012).  In <u>Malibu Media v. John Does 1-21</u> the Court was not persuaded by the Defendant's argument that "allowing a case to proceed against improperly joined defendants enables a plaintiff to obtain personal information and ultimately extract settlements with only a single filing fee." <u>Malibu Media, LLC v. John Does 1-21</u>, 2012 U.S. Dist. LEXIS 117856, at *6 (D. Colo. Aug. 21, 2012). The Court noted that this should not be the basis for granting severance because the Plaintiff "has demonstrated a willingness to proceed against a single defendant." <u>Id.</u> at 7.

Similarly, in this case, Plaintiff has filed suit against individual Defendants.  <u>See</u> <u>West Coast Productions, Inc. v. Duffany</u>, 1:12-cv-10218-WGY, <u>West Coast Productions, Inc. v. Eldredge</u>, 1:12-cv-10221-WGY, <u>West Coast Productions, Inc. v. McDonagh</u>, 1:12-cv-10222-WGY, <u>West Coast Productions, Inc. v. Nadeau</u>, 1:12-cv-10223-WGY, <u>West Coast Productions, Inc. v. Craven</u>, 1:12-cv-10215-WGY, <u>West Coast Productions, Inc. v. Anderson</u>, 2:11-cv-00226-WCO.  Accordingly, Plaintiff has showed a "willingness to proceed against a single defendant."

B. PLAINTIFF'S FILM DOES NOT DEPICT ANYONE UNDER THE AGE OF 18, NOR DID PLAINTIFF EMPLOY ANYONE UNDER THE AGE OF 18 DURING THE FILMS PRODUCTION

As detailed in Exhibit A, James Alexander, an Owner of West Coast Productions, Inc., personally inspected the identification of each employee to work on or act in the copyrighted motion picture which is subject of this litigation. Mr. Alexander made sure each such employee was at least 18 years of age. See Exhibit A. No minors were involved in the filming or production of the copyrighted motion picture which is subject of this litigation.

WHEREFORE, based upon the foregoing reasons, the Plaintiff respectfully requests this Court to deny the Defendants' motion for severance.  Plaintiff has met the requirements of Rule 20(a)(2) for permissive joinder and addressing the issue of joinder and/or misjoinder at this stage of the litigation process is improper.

DATED:  January 9, 2013

Respectfully submitted,
WEST COAST PRODUCTIONS, INC.

By:        /s/ Jeffrey Weaver
Jeffrey W. Weaver
Florida Bar No. 178780
*DUNLAP*WEAVER, PLLC
780 5th Avenue South, Ste 200
Naples, FL 34102
Telephone: 239-349-2566
Facsimile: 703-777-3656
subpoena@dglegal.com
*Counsel for the Plaintiff*

14

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2013, a true and correct copy of the foregoing pleading was filed using the Court's ECF.

/s/ Jeffrey Weaver
Jeffrey W. Weaver