IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WEST COAST PRODUCTIONS, INC.

                                               Case No. 3: 12-cv-00964-TJC-TEM

      Plaintiff,

v.

DOES 1-675,

      Defendants.

_____/

## DEFENDANT'S RESPONSE TO ORDER [D.E.20]

John Doe 127 (IP Address 69.181.46.24) by and through undersigned counsel, hereby responds to the Court's December 13, 2012 Order requesting that the parties brief the issue of joinder. For the reasons stated below John Doe 127 requests that this Court sever and dismiss all Defendants except John Doe 1.

## INTRODUCTION

1)     Plaintiff alleges that Defendant John Doe 127, along with over six hundred other unrelated persons, infringed on Defendant's copyright through an Internet Protocol ("IP") address allegedly belonging to John Doe 127 and the various other Doe defendants. Plaintiff's Subpoena Duces Tecum (the "Subpoena") requests that a third-party internet service provider ("ISP") disclose identifying personal information of John Doe 127, as well as the other Defendants. (*See* **Exhibit A**). As explained below, the Court should sever and dismiss the Defendants for improper joinder.[1]

---

[1] It was John Doe 127's intention to file a motion to quash and for a protective in addition to briefing the issue of joinder, but, as the Court has stayed an administratively closed all other aspects of this case, including discovery, this brief will only address the issue of joinder. John Doe 127 reserves the right to pursue such arguments in the event that the Court allows this case to proceed.

2)      Cases such as this have been filed all over the country.  The various plaintiffs do not initiate the case with the intention of litigating the matter, but rather, their lawyers hope to take advantage of the threat of statutory damages and the stigma associated with downloading pornographic movies to induce the hundreds of potentially innocent individual defendants to settle their cases for an amount specifically designed to be less than the amount needed to retain counsel.  *E.g.*, *Media Products, Inc., DBA Devil's Film v. Does 1-26*, 1:12-cv-03719-HB, *Opinion and Order* D.E. 9 attached hereto as **Exhibit B** ("The Plaintiffs' tactic, if left unchecked, could turn copyright protection on its head.  Congress intended to incentivize the creation of useful arts by providing a statutory right and a means of enforcement that would reward authors for their labors, hardly the Plaintiffs' strategy.").

3)      As the Fifth Circuit has recently explained, these plaintiffs carry out a "strategy of suing anonymous internet users for allegedly downloading pornography illegally, using the powers of the court to find their identity, then shaming or intimidating them into settling for thousands of dollars—a tactic that he has employed all across the state and that has been replicated by others across the country."  *Mick Haig Productions E.K. v. Does 1-160*, --- F.3d ---, 2012 WL 2849378 at *3 (5th Cir. July 12, 2012) (upholding sanctions against mass BitTorrent copyright plaintiff's attorney).

4)      Plaintiff's attempt to compel ISP's to supply private and personal information relating to their subscribers is part and parcel of this systematic extortion of individual Internet users that raises serious questions of fairness, due process and individual justice.

5)      Accordingly, John Doe 127 requests that the Court sever and dismiss the Defendants and refile against each John Doe in a separate action.

## **ARGUMENT**

**I.**    **Plaintiff's Joinder of 675 Unrelated Defendants in this Action is Improper**

Plaintiff improperly joined as Defendants 675 unrelated individuals.   This strategy is consistent with factually identical cases filed all over the country attempting to join hundreds if not thousands of unrelated defendants in alleged copyright infringement actions.    The overwhelming trend of recent decisions across the nation **and in this District** – and particularly decisions regarding identical suits by Malibu Media – conclude that joinder in cases such as this is improper and thus the Doe defendants must be severed from this suit.  *E.g.*, *Malibu Media v. Does 1-28*, *Order*, D.E. 22, Case 8:12-cv-01667-JDW-MAP (M.D. Fla. Dec. 6, 2012), (severing defendants because "effective management of these cases will be impractical" and because Malibu was improperly avoiding hundreds of thousands in filing fees), attached hereto as **Exhibit C**; *Malibu Media, LLC v. Does 1-19* & *Malibu Media LLC v. Does 1-46*, *Order*, Cases 3:12-cv-335-J-32MCR  &  5:12-cv-522-J-UATC-PRL (M.D. Fla. Dec. 13, 2012) (staying case and ordering Plaintiff to brief the issue of joinder), attached hereto as **Exhibit D**; *Malibu Media, LLC v. Does 1-14*, 2012 WL 3401441, Case No. 12-cv-2071 (D. Colo. August 14, 2012) (holding joinder improper and severing all but Doe 127); *Malibu Media, LLC v. Does 1-24*, 2012 WL 3400703, Case No. 12-cv-2070 (D. Colo. August 14, 2012) (same); *Malibu Media, LLC v. Does 1-5*, 2012 WL 3030300, Case No. 12-cv-1405 (D. Colo. July 25, 2012) (same); *Malibu Media, LLC v. Does 1-54*, 2012 WL 3030302, Case No. 12-cv-1407 (D. Colo. July 25, 2012) (same); *Malibu Media v. John Does 1-10*, Case No. 1:12-cv-3623-ODW(PJWx), [DE 7] (C.D. Cal. June 27, 2012) (same), attached as **Exhibit E;** *Malibu Media v. John Does 1-10*, Case No. SACV 12-649-JST(MLGx), [DE 8] (C.D. Cal. June 14, 2012) (concluding that the joinder of 10 John Doe defendants was not appropriate under a BitTorrent Protocol theory), attached as

**Exhibit F**; *Malibu Media, LLC v. John Does 1–23,* —— F.Supp.2d ——, 2012 WL 1999640 (E.D.Va. May 30, 2012).[2]   This Court should follow this prevailing trend and rule that joinder is improper.

A favorable ruling for the Plaintiff, in contrast with these rulings across the country, will almost certainly result in an additional avalanche of filings in this District naming thousands of defendants in actions initiated by every lawyer representing the adult entertainment industry who seeks to perpetuate the current legal strategy.   For example, this suit follows the rejection of a nearly identical action – but with far *fewer* Doe Defendants – by this Plaintiff, West Coast Productions, in the Northern District of Florida.   A contrary ruling would invite further forum shopping by the Plaintiff.   *West Coast Productions, Inc. v. Does 1-48*, Exh. G. ("[J]oinder of [a large number of] defendants produces great case management concerns, jeopardizing the court's ability to control the docket if Plaintiff proceeds on the merits").

---

[2] In addition to the Malibu Media cases cited above, a sampling of recent cases across the nation with the same holding include:

- *West Coast Productions, Inc. v. Does 1-48, 50-581*, D.E. 21, *Order*, Case 5:12-cv-00277-RS-EMT at *8 (N.D. Fla. Dec. 21, 2012) (severing all Does under the discretion of Rule 21 because, among other reasons, "joinder of [a large number of] defendants produces great case management concerns, jeopardizing the court's ability to control the docket if Plaintiff proceeds on the merits"), attached hereto as **Exhibit G**.
- *West Coast Productions, Inc. v. Swarm Sharing Hash Files, et al.*, D.E. 15, *Ruling*, Case 6:12-cv-01713 at *3 (W.D. La. Aug. 17, 2012) (severing all Does other than Doe 127 and quashing all subpoenas to ISPs), attached hereto as **Exhibit H**;
- *Bubble Gum Productions, LLC v. Does 1-80*, 2012 WL 2953309 (S.D. Fla. July 19, 2012) (holding that joinder is improper and severing Does 2-80);
- *In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, *9* (E.D.N.Y May 1, 2012) (severing John Does);
- *Hard Drive Productions, Inc. v. Does 1-90*, 2012 WL 1094653 (N.D. Cal. March 30, 2012) (severing defendants and denying discovery);
- *Patrick Collins, Inc. v. John Does 1-23*, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012) (severing defendants and denying discovery);
- *Liberty Media Holdings, LLC v. BitTorrent Swarm,* 2011 U.S. Dist. LEXIS 126333, *7-9 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*);
- *Liberty Media Holdings, LLC v. BitTorrent Swarm,* 2011 U.S. Dist. LEXIS 135847 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*)
- *AF Holdings, LLC v. Does* 1-97, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, at 7-8 (N.D. Cal. Nov. 1, 2011) (severing defendants 2-97); and
- *Hard Drive Productions, Inc. v. John Does 1-30*, No 2:11ev345, 2011 U.S. Dist. LEXIS, at *6-10 (N.D. Pa Nov. 1, 2011) (severing defendants 2-97).

Under Rule 20(a)(2), permissive joinder of multiple defendants is appropriate where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Where misjoinder occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be prejudiced by severance."  *AF Holidngs, LLC v. Does 1-97*, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, *5 (N.D. Cal. Nov. 1, 2011).  Here, as in the plethora of identical cases around the country, joinder is not appropriate for two reasons: (1) Defendants actions do not arise out of the same transaction or occurrence; and (2) permitting joinder would undermine Rule 20(a)'s purpose of judicial economy and trial convenience.

### a.  Use of the "BitTorrent Protocol" is Insufficient to Warrant Joinder

Plaintiff's sole alleged basis for joinder – its explanation of the "BitTorrent Protocol" – is meritless.   In fact, nothing in the BitTorrent Protocol creates a relationship amongst the Defendants.  *Hard Drive Prods., Inc. v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at *38-39 (N.D. Cal. Aug. 23, 2011) (holding that the relationship created through the BitTorrent protocol does not support joinder); *On the Cheap, LLC v. Does* 1-5011, 2011 U.S. Dist. LEXIS 99831, at *10 (N.D. Cal. Sept. 6, 2011) (stating that joinder would violate the "principles of fundamental fairness" and be prejudicial to the defendants).

As Courts considering identical suits, even those with far less defendants, have recently concluded,

> Under the BitTorrent Protocol, it is not necessary that each of the Does . . . participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does . . . . Any 'pieces' of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country

or across the world.

*Malibu Media,* 2012 WL 3030300 at *3 (internal quotations omitted) ("adopt[ing] the reasoning seth forth by Judge Claude Hilton in *Malibu Media, LLC v. John Does 1–23,* —— F.Supp.2d —— –, 2012 WL 1999640 (E.D.Va. May 30, 2012), Judge J. Frederick Motz in *Patrick Collins, Inc. v. Does 1–23,* 2012 WL 1144198 (D. Md. April 4, 2012), and Judge Joseph C. Spero in *Hard Drive Prods., Inc. v. Does 1–188,* 809 F.Supp.2d 1150 (N.D.Cal.2011)").

Perhaps more fundamentally, the *Malibu Media* Court made clear that, "**even if the Court had found joinder to be proper, it would sever the remaining Defendants pursuant to the Court's discretionary authority** set forth in Federal Rules of Civil Procedure 20(b) and 21." *Id.* (emphasis added); *accord Malibu Media v. Does 1-28* (Exh. C); *West Coast Productions, Inc. v. Does 1-48* (Exh. F); *see also Patrick Collins, Inc. v. John Does 1-23,* 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012) (severing defendants and denying discovery); *MCGIP, LLC v. Does 1-149,* 2011 U.S. Dist. LEXIS 108109, at *7 (N.D. Cal. Sept. 16, 2011) (finding misjoinder where the plaintiff failed to show that and of the defendants actually exchanged any piece of the seed file with another); *Boy Racer v. Does 2-52,* 2011, U.S. Dist. LEXIS 86746, at *4 (N.D. Cal. Aug. 5, 2011) (finding misjoinder where the plaintiff did not plead facts showing any particular defendant illegally shared the plaintiff's work with any other particular defendant).[3]

**b.  Joinder Undermines Judicial Economy**

Joinder is also improper because it would cause severe practical problems. As one court discussed, the disparity in factual scenarios can be great: one defendant might be an innocent

[3] Any argument that the joinder issue can be resolved at a later state in the litigation is also without merit. *Hard Drive Productions v. Does 1-87,* No. C-11-02333 JCS, 2011 U.S. Dist. LEXIS 119028, *3-4 (N.D. Cal. Oct. 14, 2011) ("[I]t is highly unlikely that [this court] would permit such extensive discovery and invasive discovery of non-parties to determine the identity of the Doe Defendants."). As outlined above, many Courts, including this one, have found it proper to consider the issue of joiner at this stage of the litigation, where a litigant is still being identified only by an IP Address. Regardless, Courts have the power to, and regularly do, grant this relief *sua sponte*. *E.g.,* *Liberty Media Holdings,* 2011 U.S. Dist. LEXIS 126333 at *7-9 (severing defendants *sua sponte*).

parent whose internet access was abused by her minor child, while another defendant might share a computer with a roommate who infringed Plaintiff's works, and others might be actual thieves. *BMG*, 2004 WL 953888, at 1 ("[w]holesale litigation of these claims is inappropriate…").

"The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel [severance.]." *Pac. Century Int'l, Ltd. v. Doe*, 2011 U.S. Dist. LEXIS 124518, at *11 (N.D. Cal. Oct. 27, 2011) ("An internet-based copyright infringement case with at least 101 defendants would prove a logistical nightmare."). Allowing joinder in this case would involve over forty defendants, each potentially proceeding with counsel or pro se, and eight additional ISP's; who may also participate in this case. *See, e.g.*, *Hard Drive Productions v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at 40-42 (N.D. Cal. Aug. 23, 2011) (finding Rule 20(a)'s purpose would be undermined due to the unmanageable logistics of involving the large number of defendants and their attorneys in the case, who may also present defenses specific to their individual situations, resulting in a number of mini-trials). Courts reviewing Malibu Media's litigation methods have adopted this reasoning, holding that "allowing this action to proceed against all the John Doe Defendants in one case would result in difficult case management, cause significant prejudice to Defendants, and would be **fundamentally unfair**." *Malibu Media*, 2012 WL 3030300 at *3 (emphasis added).

## II.    The Court Should Reconsider Its Order Allowing Plaintiff to Seek Discovery Related to Multiple Defendants in a Single Action

In a substantial waive of recent identical cases, Courts across the country have rejected similar plaintiffs' efforts to take early discovery of unrelated Defendants in a single action or else decided to rescind such authorization after considering motions to quash as *de facto* motions for reconsideration. *See e.g.*, *Bubble Gum Productions*, 2012 WL 2953309 (severing Does 2-80 and revoking discovery); *Malibu Media*, Case No. 1:12-cv-3623, Exh. E; *Malibu Media,* Case No.

SACV 12-649, Exh. F; *First Time Videos, LLC v. Does 1-46*, Case No. 11-cv-04431 (S.D. Tex. June 8, 2012) (holding that the plaintiff in a BitTorrent case abused its opportunity for discovery and requiring the plaintiff to destroy all information obtained via the subpoena process), attached hereto as **Exhibit I;** *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, *9 (E.D.N.Y May 1, 2012) (holding that joinder was improper and discussing the defects of BitTorrent cases).   Thus this Court should join this emerging body of law and hold that a "Doe Defendants' decision to obtain the BitTorrent protocol and download the same video does not in and of itself constitute the same transaction, occurrence, or series of transactions or occurrences." *Bubble Gum*, 2012 WL 2953309 at * 6.

The same concerns addressed by this series of cases are present in this matter.  As discussed above, joinder of the Defendants in these actions does not meet the requirements of Rule 20.  Furthermore, the potential for abuse of the sought information by Plaintiff in carrying out its settlement demand scheme is very high.

<u>**CONCLUSION**</u>

Defendant John Doe 127 requests that the Court sever and dismiss all Defendants. Defendant John Doe 127 further requests that the Court reconsider its order granting early discovery, issue a protective order, and/or quash the Subpoena and grant any further relief that it deems appropriate.

Respectfully submitted,

LALCHANDANI SIMON PL

By: /s/ Daniel J. Simon
Danny Simon
Florida Bar No.:  0016244
danny@lslawpl.com
Kubs Lalchandani

Florida Bar No.: 63966
kubs@lslawpl.com
25 SE 2nd Ave, Suite 1020
Miami, Florida 33131
Tel:     (305) 999-5291
Fax:     (305) 671-9282
*Attorneys for John Doe 127*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was

served on all of those parties receiving electronic notification via the Court's CM/ECF electronic

filing as of January 25, 2013.

By: /s/ Daniel J. Simon
     Danny Simon, Esq.